**FIRST DIVISION
BARNES, P. J.,
MILLER, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 10, 2020**

# In the Court of Appeals of Georgia

A19A1971. ANDERSON v. THE STATE.

BARNES, Presiding Judge.

Proceeding pro se, Javorise Anderson appeals from the trial court's order denying his motion for an out-of-time appeal. On appeal, Anderson contends, among other things that plea counsel was ineffective, and that he had not been advised of his right to withdraw his guilty plea or to appeal. For the reasons that follow, we vacate the trial court's order and remand the case for further proceedings.

In 2015, Anderson was indicted in Morgan County on charges of felony murder and aggravated assault.[1] On June 27, 2016, while represented by counsel, he pled guilty to the lesser included offense of voluntary manslaughter and aggravated

---

[1] This case was transferred to this Court from our Supreme Court because although indicted for felony murder, Anderson pled guilty to the lesser included offense of voluntary manslaughter.

assault. In June of 2018, Anderson filed the subject pro se motion for an out-of-time appeal, and asserted, among other things, that his case had not been "subjected to appellate review," because of the ineffectiveness of his plea counsel. The trial court denied the motion, and it is from that order that Anderson appeals.

Likewise in *Collier v. State*, __ Ga. __ (1) (834 SE2d 769) (Case No. S19A0658, decided Oct. 21, 2019), Collier had asserted that the trial court abused its discretion in denying his motion for an out-of-time appeal from the judgment of conviction entered on his guilty plea without conducting a hearing inquiring into whether his counsel's alleged ineffective assistance deprived him of his appeal of right. 834 SE2d at 773. Recognizing that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant is entitled to an appeal because he effectively has been deprived of an appellate proceeding altogether," the Court held that "[t]his standard applies whether a defendant seeks an out-of-time appeal from a final judgment of conviction entered following a trial or following a guilty plea." Id. at 774 (1). The Court further overruled a line of cases which held that a criminal defendant's right to appeal directly from a judgment entered on a guilty plea is limited to those cases in which

2

the issue on appeal can be resolved by facts appearing in the record, or that a defendant must show that his appeal would have had merit. Id. at 774-776 (1).

Here, as previously noted, Anderson requested the trial court to grant his motion for out-of-time appeal in part because his attorney was ineffective in failing to inform him of his post-conviction options for relief, including filing an appeal from his guilty plea. Subsequently, the trial court denied Anderson's motion without an evidentiary hearing.[2]

> Because the trial court denied [Anderson's] motion for an out-of-time appeal without holding an evidentiary hearing, we cannot determine from the appellate record whether [his] failure to timely pursue an appeal was actually the result of his counsel's deficient performance. Moreover, we recognize that, given the clear, though incorrect, mandate of the case law overruled by [the *Collier*] opinion, [Anderson] has not had a full and fair opportunity to pursue his motion for an out-of-time appeal before the trial court, the State has not had a full and fair opportunity to raise defenses, and the trial court has not had the benefit of this opinion to guide its consideration of the parties' evidence and arguments. Consequently, we vacate the order denying [Anderson's] motion for an out-of-time appeal, and we remand the case to the trial court for proceedings consistent with this opinion.

---

[2] The record on appeal includes only the plea transcript; it does not appear that a hearing on Anderson's motion for an out-of-time appeal was ever conducted.

3

*Collie*r, 834 SE2d at 781 (3).

On remand the trial court should reconsider Anderson's motion in a manner consistent with the Supreme Court of Georgia's decision in *Collier*.

*Judgment vacated and case remanded with direction. Miller, P. J., and Mercier, J., concur.*

4